Minimum Mandatory ☐
Rule 35/5K1.1 ☒
Appeal Waiver ☒
Asset Forfeiture ☐
Restitution ☐
Other ☒

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR: 2:18-041 |
| ) | |
| CALEB JAMES ANDERSON ) | |

**PLEA AGREEMENT**

Defendant **CALEB JAMES ANDERSON**, represented by his counsel Ronald E. Harrison, II, and the United States of America, represented by Special Assistant United States Attorney Katelyn Semales, respectfully state to this Honorable Court that they have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 371 (Conspiracy).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that two or more persons in some way agreed to try to accomplish a shared and unlawful plan; (2) the Defendant knew the unlawful purpose of the plan and willfully joined in on it; (3) during the conspiracy, one of the conspirators knowingly

engaged in at least one overt act as described in the indictment; and (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy the offense's required elements:

From on or around September 2010 up to and including February 15, 2018, the precise dates being unknown, in Camden County, in the Southern District of Georgia, and elsewhere, the defendant, **CALEB JAMES ANDERSON**, did knowingly and willfully combine, conspire, confederate and agree with others known and unknown: (a) to knowingly receive, conceal, and retain stolen property belonging to the United States, to wit, small arms ammunition and explosives, with the intent to deprive the United States of the use and benefit of that property and to convert that property to their own use or gain, said property of a value exceeding $1,000, in violation of Title 18, United States Code, Section 651; and (b) to receive, possess, transport, conceal, store, and dispose of stolen explosive materials which had been shipped or transported in interstate or foreign commerce, knowing and having reasonable cause to believe that the explosive materials were stolen, in violation of Title 18, United States Code, Section 842(h).

In furtherance of and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Georgia and elsewhere:

a) On or about September 2010 through July 2014, on multiple occasions, while serving as United States Marine, the precise dates being unknown, defendant **CALEB JAMES ANDERSON** with others known and unknown, stole small arms ammunition and explosives from the armory at Naval Submarine Base Kings Bay, in Camden County, Georgia.

b) On or about September 2010 through July 2014, on multiple occasions, while serving as a United States Marine, the precise dates being unknown, defendant **CALEB JAMES ANDERSON**, with others known and unknown, stole small arms ammunitions and explosives from the armory at Naval Submarine Base Kings Bay, in Camden County, Georgia.

c) On or about September 2010 through July 2014, on multiple occasions, while serving as a United States Marine, the precise dates being unknown, defendant **CALEB JAMES ANDERSON** altered paperwork to make it appear as though stolen ammunition was accounted for or expended so he could provide it to others, known and unknown.

d) On or about September 2010 through July 2014, on at least one occasion, the precise dates being unknown, defendant **CALEB JAMES ANDERSON** with others known and unknown entered Naval Submarine Base Kings Bay, removed the stolen small arms ammunition and explosives from Naval Submarine Base Kings Bay, and transported them to 103 Doris Street, St. Mary's Georgia.

e) On or about September 2010 through July 2014, the precise date being unknown, defendant **CALEB JAMES ANDERSON** with others known and

3

unknown buried the stolen small arms ammunition and explosives at 103 Doris Street, St. Mary's Georgia.

3. <u>Possible Sentence</u>

The Defendant's guilty plea will subject him to the following maximum possible penalties: 5 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally is obliged to impose a $100 special assessment.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of

Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. *Acceptance of Responsibility*

   The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

   b. *Use of Information*

   The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7. <u>Dismissal of Other Counts</u>

   At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8. <u>Cooperation</u>

    a. *Complete and Truthful Cooperation Required*

Defendant, if he chooses to cooperate, must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b. *Motion for Reduction in Sentence Based on Cooperation*

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9. <u>Financial Obligations and Agreements</u>

   a. *Special Assessment*

   Defendant agrees to pay a special assessment in the amount of $100.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   b. *Required Financial Disclosure*

   Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all of his assets and financial interest, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

10. <u>Waivers</u>

    a. *Waiver of Appeal*

    Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the

sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-

of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant. The government has made no promises or representations except those set forth in writing in this Plea Agreement. The government further denies existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

*Signatures on Following Page*

                                        BOBBY L. CHRISTINE
                                        UNITED STATES ATTORNEY

02/05/2019
Date

                                        Brian T. Rafferty
                                        Chief, Criminal Division


Date

                                        Katelyn Semales
                                        Special Assistant United States Attorney


                                *Signatures on Following Page*

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

2-5-19
Date

_____
Caleb James Anderson, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

2-5-19
Date

_____
Ronald E. Harrison, II, Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| UNITED STATES OF AMERICA | ) | CR 218-41 |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| CALEB JAMES ANDERSON | ) | |

**ORDER**

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __5__ day of __February__ 2019.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA